AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: William Orr | Telephone: (989) 895-5712 |
| Special Agent: Kallin Garza, BP | Telephone: (520) 651-0776 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Erick SANCHEZ-Acevedo

Case No. 1:25-mj-30682
Judge: Morris, Patricia T.
Filed: 11-05-2025

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 20, 2025__ in the county of __Presque Isle__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC 1326(a) and (b)(1) | Illegal Reentry |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Kallin Garza, Special Agent, Border Patrol
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: November 5, 2025

_____
Judge's signature

City and state: Bay City, Michigan

Hon. Patricia T. Morris, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Kallin Garza, declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Erick SANCHEZ-Acevedo, a native and citizen of Guatemala, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. I, Border Patrol Agent (BPA) Kallin Garza, am a United States Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since June 13, 2022. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

3. This affidavit contains information necessary to support a finding of probable cause to charge SANCHEZ-Acevedo with a violation of 8 U.S.C. 1326(a) and (b)(1), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

4. The facts set forth herein are based upon my personal knowledge as well

1

as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

## FACTS ESTABLISHING PROBABLE CAUSE

5. I have reviewed the official immigration file relating to SANCHEZ-Acevedo, which attests to the following:

    a. On June 25, 2008, SANCHEZ-Acevedo was arrested by the Yonkers City Police Department in New York. SANCHEZ-Acevedo was charged with Attempted Robbery 1st Degree, Assault 2nd Degree, and Attempted Robbery 2nd Degree.

    b. On June 26, 2008, Immigration and Customs Enforcement (ICE) determined SANCHEZ-Acevedo to be a citizen and national of Guatemala. SANCHEZ-Acevedo stated he entered the United States in 2005 by walking across the United States and Mexico border without inspection. SANCHEZ-Acevedo was determined to be removable from the United States by ICE.

    c. On October 1, 2008, SANCHEZ-Acevedo was given a Final Order of Removal by an Immigration Judge.

    d. On January 21, 2009, SANCHEZ-Acevedo was convicted of the felony offense of Assault 2nd Degree.

    e. On March 12, 2009, SANCHEZ-Acevedo was sentenced to time-served.

    f.  Upon completion of SANCHEZ-Acevedo's sentence, he was turned over to ICE custody for removal proceedings.

    g.  On May 21, 2009, SANCHEZ-Acevedo was removed from the United States back to his native country of Guatemala through the Houston International Airport Port of entry.

    h.  On January 29, 2012, SANCHEZ-Acevedo was encountered by Border Patrol Agents (BPAs) at or near San Ysidro, California. BPA Craig Berry apprehended a group of three individuals hiding in thick vegetation. BPA Berry conducted an immigration inspection on the individuals and identified one of the individuals as SANCHEZ-Acevedo. SANCHEZ-Acevedo stated he did not have the proper documentation to be or remain in the United States legally. SANCHEZ-Acevedo admitted to crossing the International Boundary Fence (IBF) without any form of inspection by an Immigration Officer. SANCHEZ-Acevedo was processed as a Reinstate and turned over to ICE custody for removal proceedings.

    i.  On February 14, 2012, SANCHEZ-Acevedo was removed from the United States to his native country of Guatemala through the Phoenix International Airport Port of Entry.

6. On October 20, 2025, BPA Mark Trombly and BPA Micheal Brown were parked in the O'Reilly Auto Parks parking lot located at 150 S. Bradley Highway in Rogers City, Michigan in the Eastern District of Michigan. BPA Trombly and BPA Brown were attempting to locate a vehicle, identified as a white panel van, previously

3

stopped by Cheboygan County Sheriff's Office. The vehicle had been previously occupied by two foreign nationals with expired immigration status. BPA Trombly and BPA Brown observed a 2004 white Chevrolet Express G3500 van, consistent with that description, parked at the Mobil Gas Station located at 101 S. Bradley Hwy, Rogers City, Michigan, bearing a Minnesota license plate (MN: SRH151). The registration showed Pedro Ottoniel CRUZ-Lopez as the owner of the vehicle. CRUZ-Lopez was a Guatemalan national illegally present in the United States.

7. On November 1, 2025, BPA Trombly and BPA Brown observed the same 2004 white Chevrolet Express G3500 van in the parking lot of the Rogers City Motel located at 220 N. Bradley Hwy, Rogers City, Michigan.

8. On November 3, 2025, BPA Trombly and BPA Brown observed the 2004 white Chevrolet Express G3500 van running in the parking lot of the Rogers City Motel. Agents contacted the Presque Isle County Sheriff's Office and Deputy David Malton assisted in stopping the vehicle on South US Highway 23 near Heythaler Highway. The driver was identified as the registered owner, CRUZ-Lopez. BPA Trombly identified SANCHEZ-Acevedo as one of the remaining occupants. SANCHEZ-Acevedo advised he was a Guatemalan national and did not enter the United States through a Port of Entry and did not have any immigration documents allowing him to be in the United States legally.

9. BPA agents arrested SANCHEZ-Acevedo and transferred him to Sault Sainte Marie Border Patrol Station (SMM) for further processing. SANCHEZ-Acevedo was fingerprinted and photographed. These images were entered into the Automated

Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS).  SANCHEZ-Acevedo's fingerprints from November 3, 2025, matched the fingerprints entered into IAFIS from his prior encounter.  The record checks did not provide any evidence that SANCHEZ-Acevedo legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States.

## CONCLUSION

10.    Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Erick SANCHEZ-Acevedo reentered the United States after removal subsequent to a conviction for a felony, without the permission of the Attorney General or Secretary of Homeland Security, in violation of U.S.C. § 1326(a) an (b)(1), which makes it a crime to reenter the country following removal without permission of the Attorney General.

_____
Kallin Garza, Border Patrol Agent

Sworn to before me and signed in my presence,
and/or by reliable electronic means.

_____
Hon. Patricia T. Morris
Unites States Magistrate Judge